## FEDERAL COURTS — Continued

### No. 705

### GENERAL MOT. CORP. v. BELLEVUE SAV. BANK CO.

U. S. Appeals, Sixth Circuit
No. 3982. Decided April 11, 1924

126. BANKS AND BANKING—Certificate of deposit held not due until payment of loan to another.

465. ERROR—Acquiescence, when court interpreted joint motions for directed verdict as submission of facts to court, prevents complaint of such submission.

PER CURIAM.

Epitomized Opinion

This was an action by the General Motors Co. against the Bellevue Savings Bank Co. to recover the sum, of $5,000, with interest, evidenced by a certificate of deposit issued by the bank, dated Dec. 6, 1921, and payable to the order of the General Motors Co. on the return of the certificate properly endorsed. The certificate provided that it was to draw interest at the rate of 3 per cent per annum if left on deposit for a term of three months or more, and also contained the provision: "This certificate is not to be cashed so long as the loan of $5,000 heretofore granted the Griswold-Wagg Motor Co. by the Bellevue Savings Bank remains unpaid. If said loan is reduced, said bank agrees to issue a new certificate of deposit in an amount equaling the balance due on such loan, and same to be held under same conditions, difference between this certificate of deposit and new certificate to be paid in cash to said General Motors Co. at the time of such new certificate being issued." The lower court directed a verdict for the bank, whereupon Motors Co. prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where Motors Co. made a deposit with defendant bank and took a certificate of deposit, providing that certificate was not to be cashed as long as a loan for amount of certificate to another company remained unpaid, certificate was collateral to the loan, and was not due until loan was paid.

2. Plaintiff's acquiescence and silence, when the court interpreted joint motions for directed verdict, as a submission to the court of the law and the facts, and plaintiff's failure to indicate any desire to offer rebuttal proofs, held to prevent plaintiff from complaining of acceptance by the court of such submission at a possibly premature stage of the case.

Attorneys—Charles F. Ross and A. V. Cannon, Cleveland, for. Motors Corp.; Allen G. Aigler, Bellevue, for Bank.